IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES LEE HARDESTY, #K90142,<br><br>  Plaintiff,<br><br>vs.<br><br>DAVE MAHONE,<br>MARNIE WEB,<br>and JOHN HANNA,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 21-cv-00359-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff James Hardesty, a former detainee at Effingham County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, he asserts claims against the defendants for subjecting him to conditions at the Jail that caused him to contract COVID-19. (*Id*. at 6). Plaintiff seeks monetary and injunctive relief.[1] (*Id*. at 7).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff's request for injunctive relief shall be **DISMISSED without prejudice**. Plaintiff is no longer housed at the Jail. Because he is no longer exposed to the conditions giving rise to this Complaint and discloses no plans to return to the Jail, the request for injunctive relief is considered **MOOT**.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): Plaintiff was housed in an "infected cell" at Effingham County Jail.  He was required to live alongside other inmates suffering from COVID-19.  He was also required to clean and sanitize the infected cells without any protective equipment.  As a result, Plaintiff contracted COVID-19 and became seriously ill for seven days.  (*Id*.).

Plaintiff made verbal complaints to Officer Hanna and Jail Administrator Web.  (*Id*. at 4). He also filed one or two written grievances about the matter.  In response, Plaintiff was told that the infected inmates suffered from colds, and there was no COVID-19 in the Jail.  (*Id*.).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for subjecting Plaintiff to unsafe conditions at the Jail, by housing him with inmates who had COVID-19, forcing him to sanitize jail cells without any protective equipment, and causing him to contract COVID-19.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or convicted prisoner when his claims arose.  The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs the claim if Plaintiff was a pretrial detainee.  The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). Either way, the allegations suggest that Officer Hanna and Jail Administrator Web acted in an objectively unreasonable manner or with deliberate indifference when responding to Plaintiff's complaints about COVID-19 exposure by simply denying the existence of the highly infectious disease at the Jail in the midst of an ongoing pandemic. Count 1 survives preliminary review against both of these defendants.

Sheriff Mahone shall be dismissed without prejudice. Although this individual is named as a defendant in the case caption, the Complaint contains no allegations against him. (Doc. 1). To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law committed a violation of rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). Merely naming a potential defendant in the case caption is not enough to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). It is also not enough that Sheriff Mahone may have supervised individuals who violated Plaintiff's rights because *respondeat superior* liability is not recognized under Section 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Plaintiff must set forth allegations showing that the sheriff was personally involved in or responsible for a violation of his constitutional rights. Sheriff Mahone shall be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendants **MARNIE WEB** and **JOHN HANNA**, in their individual capacities, but **COUNT 1** is **DISMISSED** without prejudice against Defendant **DAVE MAHONE**. **Because these claims pertain to medical issues, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act. The Clerk's Office is also DIRECTED**

**to TERMINATE Defendant DAVE MAHONE as a party in CM/ECF.**

**IT IS ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED without prejudice.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **MARNIE WEB** and **JOHN HANNA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/21/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.