IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES LEE HARDESTY, #K90142,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-00359-JPG |
| ) | |
| **MARNIE WEB** ) | |
| **and JOHN HANNA,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff James Hardesty's Motion for Leave to File First Amended Complaint. (Doc. 38). Hardesty seeks to bring additional claims against new defendants. He filed the motion in a timely manner, and Defendants raised no objection to it. For the reasons set forth herein, the motion shall be **GRANTED**.

Hardesty is a former detainee at Effingham County Jail ("Jail"), who filed this civil rights action under 42 U.S.C. § 1983 for constitutional deprivations arising from his conditions of confinement at the Jail. (Doc. 1). Hardesty claims that he was housed alongside COVID-positive inmates in unsanitary and unsafe conditions that ultimately caused him to contract COVID-19. (*Id*. at 6). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 11). Hardesty was allowed to proceed with the following claim against Jail Administrator Web and Officer Hanna:

> **Count 1:** Fourteenth or Eighth Amendment claim against Defendants for subjecting Plaintiff to unsafe conditions at the Jail, by housing him with inmates who had COVID-19, forcing him to sanitize jail cells without protective equipment, and causing him to get COVID-19.

(*Id*.). The allegations supported no claim against Sheriff Dave Mahon, who was dismissed without prejudice. (*Id*.).

1

**MOTION FOR LEAVE TO AMEND**

Pursuant to the Initial Scheduling and Discovery Order, Hardesty was required to file a motion for leave to amend the complaint by November 3, 2021. (Doc. 30). This deadline was extended to November 17, 2021. (Doc. 34). Hardesty filed the instant motion on that date. (Doc. 38). The motion is timely.

There, Hardesty seeks leave to add allegations to support his claim(s) against Marnie Web and John Hanna. (*Id*.). He would also like to add allegations to support additional claims against three new defendants: Dave Mahon, Paul Kuhns, and Justin Finfrock. (*Id*.). Defendants made no objection to the motion.

**AMENDED COMPLAINT**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. Although no objection has been made to the First Amended Complaint, it is still subject to review under 28 U.S.C. § 1915A.[1] The Court will screen the First Amended Complaint in accordance with this statute.

In the First Amended Complaint, Hardesty sets forth the following allegations (Doc. 38-2): While Hardesty was incarcerated at the Jail, the SARS Co-V2 (COVID) pandemic was recognized as a public health emergency. (*Id*. at ¶¶ 5-6). Public health organizations and infectious disease experts promulgated policies and guidelines to prevent the spread of infection in congregate settings, such as jails. (*Id*.). These organizations included Effingham County Health Department and Illinois Department of Public Health. (*Id*.). By April 2020, Effingham County declared a state of emergency caused by the COVID pandemic. (*Id*. at ¶ 7).

---

[1] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

From June through September 2020, the Jail experienced and failed to control an outbreak of COVID. (*Id*. at ¶ 8). All defendants were aware of the COVID outbreak and related COVID protocols. (*Id*. at ¶¶ 9-13). However, they failed to take appropriate steps to remedy the outbreak, follow protocols, or require others to do the same. (*Id*.).

Plaintiff arrived at the Jail on June 27, 2020, and intermingled with other inmates for the next three months. (*Id*. at ¶ 14). The inmates transferred between halls and cells throughout this time period. (*Id*. at ¶ 15). From mid-July to mid-August, Plaintiff was housed with three other inmates in Cell A-3. (*Id*. at ¶ 16). Common areas were not cleaned or sanitized. Clothing and bedding were washed sporadically. (*Id*.). Inmates were issued single-use masks, but the masks were not replaced. (*Id*.). Staff wore them sporadically. (*Id*.).

Sometime in August 2020, an inmate in Cell B-1 became seriously ill with symptoms of COVID-19. However, the inmate was never tested for the virus. (*Id*. at ¶ 17). And, Finfrock allowed the inmate to leave isolation and mingle with other inmates. (*Id*. at ¶ 32). On August 19, 2021, the sick inmate transferred with three cellmates to the Illinois Department of Corrections ("IDOC"). (*Id*.).

On the same date, Plaintiff and his A-3 cellmates transferred into Cell B-1 without being screened for symptoms of COVID-19 and without disinfecting the cell. (*Id*. at ¶¶ 18-19). They soon learned that the former occupants tested positive for COVID-19, when the IDOC tested them and refused to take them into custody. The sick inmates returned to the Jail and were placed in Cell B-2. (*Id*.).

Meanwhile, Plaintiff and his cellmates were instructed to disinfect Cell B-1 immediately, but were issued no replacement masks, gloves, or proper disinfectants. (*Id*. at ¶¶ 20-21). Soon thereafter, the B-1 inmates began suffering from symptoms of COVID-19. (*Id*. at ¶ 22). They

3

were refused testing.

For the next two or three weeks, staff simply denied the presence of COVID-19 at the Jail, instead claiming that a cold was spreading through the inmate population. (*Id*. at ¶ 23). When Plaintiff reported his concerns to Hanna and Webb, they disregarded his complaints and denied his requests for testing. (*Id*. at ¶ 24). When he filed two grievances in late August 2020, he received no written or verbal response. (*Id*. at ¶¶ 25-26). In August and September 2020, Plaintiff and his cellmates were given ibuprofen and sinus medication when they requested treatment, and they were discouraged from seeking medical care with staff. (*Id.* at ¶ 27). On September 4, 2020, Plaintiff was finally tested for COVID-19 by the Illinois Department of Health, and he tested positive. (*Id*. at ¶ 28).

Plaintiff claims that he received virtually no treatment for COVID-19 until he transferred into IDOC custody in October 2020. (*Id*. at ¶ 29). This is allegedly due to the defendants' failure to follow proper protocols for reducing the risk of COVID-19. (*Id*.). Plaintiff sets forth a long list of failures in the First Amended Complaint. (*Id*. at ¶ 30).

Based on these allegations, the Court recognizes the following claims in the amendment:

**Count 1:** Eighth Amendment claim against Mahon, Kuhns, Web, Hanna, and Finfrock, in their individual capacities, for subjecting Plaintiff to unsafe conditions at the Jail, by housing him with inmates who had COVID-19, forcing him to sanitize jail cells without protective equipment, and causing him to get COVID-19.

**Count 2:** Eighth Amendment claim against Mahon, Kuhns, Web, Hanna, and Finfrock, in their official capacities, for their knowledge of and failure to remedy the lack of appropriate COVID-19 protocols at the Jail during the COVID-19 pandemic, resulting in a serious risk of harm to Plaintiff's health.

The allegations support clams under the Eighth Amendment[2] against all of the defendants named in connection with Counts 1 and 2. Accordingly, Plaintiff's motion for leave to amend the complaint shall be granted, and these claims shall receive further review against each of the defendants.

### DISPOSITION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and after review of the First Amended Complaint (Doc. 38-2) under 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 38). The Clerk of Court is **DIRECTED** to file the First Amended Complaint (Doc. 38-2) in CM/ECF and **ADD** Defendants **PAUL KUHNS, JUSTIN FINFROCK, AND DAVE MAHON** as parties to this action in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed against **ALL DEFENDANTS** in their individual capacities, and **COUNT 2** will proceed against **ALL DEFENDANTS** in their official capacities.

Further, the Clerk of Court shall prepare for Defendants **PAUL KUHNS, JUSTIN FINFROCK,** and **DAVE MAHON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 38-2), the original Merit Review Order (Doc. 11), and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

---

[2] Plaintiff explicitly brings his claims under the Eighth Amendment, which is applicable to convicted inmates. However, the claims also survive screening under the Fourteenth Amendment Due Process Clause, which applies to pretrial detainees.

**IT IS SO ORDERED.**

**DATED: 5/26/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
